**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 10-20235

                                    HONORABLE DENISE PAGE HOOD

WILLIAM CORTEZ MELCHOR (D-8),

    Defendant.

_____/

**ORDER REGARDING DOCUMENTS FILED BY DEFENDANT MELCHOR**

      The matter is before the Court on Defendant William Cortez Melchor's July 1, 2013 letter regarding the wiretapping of his cell phone and July 10, 2013 Memorandum in Support of Motion to Suppress (lack of consent to search dwelling).

      It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-922023 (6th Cir. 2004). A court's discretion to reject hybrid representation may apply to the filing of motions. *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother). The Sixth Circuit's analysis in *Mosely* can be extended to filings of motions. *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich.

Case No. 06-20137, Feb. 6. 2008) (unpublished).

Given that Melchor is represented by counsel, the Court will not review his letters/requests filed by Melchor and not his counsel. As the Court indicated to Melchor on the record previously, the time to file motions has passed. The Court delayed the trial in this matter in large part due to Melchor's recent request for new counsel. At the time the Court granted Melchor's request for new counsel, the Court indicated it would not consider any further delay of the trial. See Order No. 328. A number of other defendants are awaiting trial with Defendant Melchor. The Court, however, allowed the trial to be further delayed because of Melchor's new counsel's request for time to prepare for trial. The trial is currently scheduled for July 29, 2013. The Court will not delay the trial any further.

Accordingly,

IT IS ORDERED that Defendant William Melchor's recent *pro se* filings will not be considered since he is represented by counsel. Any request to suppress (Doc. Nos. 347, 348) is DENIED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 16, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

2